# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Willie Couvington, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:17cv931 (AJT/TCB) |
| ) | |
| Harold W. Clarke, ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Willie Couvington, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions entered in the Portsmouth Circuit Court. Case Nos. CR03-1190-01 through -05, -07, CR03-1586-01 through -04 and CR03-1191-02. Before the Court are the respondent's Motion to Dismiss the petition and two motions for miscellaneous relief by petitioner.

## I. Background

On November 3, 2003, Couvington pleaded guilty to five counts of robbery, four counts of unlawful use of a firearm, and two counts of malicious wounding. He received a sentence of 55 years incarceration with 11 years suspended, and he took no direct appeal.

On July 16, 2012, Couvington filed a petition for a state writ of habeas corpus in the Portsmouth court, assertedly seeking to obtain a belated direct appeal of the convictions at issue here. See Resp. Ex. C, ¶ 9. The court dismissed the petition on September 4, 2012, on the holding that it was filed outside the two-year limitations period prescribed in Va. Code §8.01-654(A)(2). Resp. Ex. D, ¶2. Couvington attempted to appeal that determination to the Supreme Court of Virginia, but the appeal was dismissed on the ground that the notice of appeal was filed untimely. Couvington v. Clarke, R. No. 130824 (Va. July 26, 2013); Resp. Ex. B.

On October 15, 2015, Couvington filed a second state habeas corpus application in which he raised the following claims:

    1.    Counsel was ineffective for coercing him to enter the guilty pleas by misadvising him that he would be admitted to the Youthful Offender Program.

    2.    His pleas were not entered intelligently and voluntarily because counsel misadvised him that he would be admitted to the Youthful Offender Program.

    3.    He was not competent to enter the guilty pleas.

    4.    Counsel was ineffective for failing to move to suppress incriminating statements petitioner gave to the police.

Resp. Ex. C. By Order entered on March 27, 2017, the Portsmouth Circuit Court denied the petition on the express holdings that it was both time-barred pursuant to Va. Code §8.01-654(A)(2) and successive in violation of Va. Code §8.01-654(B)(2), which requires that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge of at the time of filing any previous petition." Resp. Ex. D. Couvington appealed the circuit court's decision to the Supreme Court of Virginia, which refused the petition for appeal after finding "no reversible error in the judgment complained of." Couvington v. Clarke, R. No. 161061 (Va. Apr. 11, 2017); Resp. Ex. F.

Couvington then turned to the federal forum and filed the instant application for relief pursuant to §2254 by placing it into his institution's mailing system on July 14, 2017. [Dkt. No. 1 at 15] In it, he makes the following claims:

    1.    Counsel provided ineffective assistance by coercing him to enter an unintelligent guilty plea by misadvising him that he would be admitted to the

2

            Youthful Offender Program.

    2.     Counsel provided ineffective assistance by failing to move to suppress petitioner's involuntary statements to the police.

[Dkt. No. 1, Att. at p. I]

On October 30, 2017, respondent filed a Rule 5 Response and a Motion to Dismiss the petition with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 10 - 13] Petitioner subsequently filed an opposition [Dkt. No. 15] along with a Motion to Expand the Record. [Dkt. No. 16] Accordingly, this matter is ripe for disposition.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364 (1995). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Picard v. Connor, 404 U.S. 270, 275-78 (1971); Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997). Both of the claims Couvington makes in this federal action were raised in his second state habeas corpus petition and thus are exhausted.

On federal habeas corpus review, § 2254(d) mandates that a state court's finding of

procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991). In this case, Couvington's present claims were denied by the habeas trial court as both time-barred pursuant to Va. Code §8.01-654(A)(2) and successive in violation of Va. Code §8.01-654(B)(2), and the Supreme Court of Virginia subsequently affirmed that determination.[1] Resp. Ex. D, F. Both of these reasons have been held to be adequate and independent state law grounds preventing federal habeas review of procedurally defaulted claims. See Sparrow v. Dir., Dep't of Corrections, 439 F.Supp. 2d 584, 587 (E. D. Va. 2006) (finding the limitations period of Va. Code §8.01-654(A)(2) to be adequate and independent); Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (determining procedural bar of successive habeas applications in Va. Code §8.01-654(B)(2) to be a well-recognized adequate and independent ground). Therefore, the claims raised in this petition are procedurally defaulted.

Federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

---

[1] Although petitioner here expresses his position in two claims, they are compilations of the same arguments he presented as four claims in his second state habeas action.

4

In his Motion to Apply [sic] to Respondent Motion to Dismiss, Couvington argues that the procedural default of his current claims was caused by ineffective assistance of counsel. [Dkt. No. 7 at 5] He explains that he was unable to file his state habeas corpus action in a timely manner because he was untrained in the law and housed at an institution with limited access to the law library, id. at 2, and he did not receive his case file from counsel until June 30, 2011, id. at 3. Neither of these conclusory contentions is sufficient to establish cause and prejudice. Petitioner does not explain in any detail whatever the manner in which his pro se status and his alleged inability to access the law library prevented him from raising timely habeas claims, and such cursory allegations do not suffice to overcome a procedural default.

To the extent that Couvington attempts to establish cause and prejudice for the procedural default of his claims by pointing to his counsel's ineffective assistance, his statements again are entirely conclusory with the exception of the allegation that he did not receive his case file from counsel until June 30, 2011. On this record, that circumstance does not establish cause. Couvington did not file his first pro se habeas petition seeking a belated appeal until July 16, 2012, over a year after he admittedly received his case file from counsel, and his second habeas application did not follow until October 15, 2015, over three years later. Clearly, then, Couvington's own lack of diligence was the principal reason for the lateness of his state habeas actions, and cause and prejudice for the default of his claims has not been shown.

Couvington's argument that the procedural default of his present claims should be excused based on his lawyer's assertedly ineffective assistance fails for a third reason. "[A] claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). In

this case, Couvington failed to argue that he received ineffective assistance in a timely state postconviction proceeding, and no claim of ineffective assistance was considered on the merits as an independent claim by the Virginia courts. For these reasons, petitioner's claims are procedurally defaulted from federal review.

### III. Time Bar

Even if Couvington's claims were not procedurally defaulted, they still would not be cognizable here because his petition was filed outside the applicable one-year statute of limitations. A federal petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, Couvington's convictions were entered on November 3, 2003. Pet. at 1. Because he took no direct appeal, the convictions became final thirty days later, on December 3, 2003. United States v. Williams, 139 F.3d 896 (table), 1998 WL 120116 (4th Cir. Mar. 5, 1998) at *2 ("Under Virginia law, a conviction is final thirty days after the entry of the judgment of conviction."). The limitations clock therefore began to run on that date.

In calculating the one-year limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, Couvington did not commence a postconviction proceeding until June 11, 2012, when he filed his first state habeas

corpus petition in the trial court. Since by then over eight years had elapsed since the convictions had become final, the pendency of a state action could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") Accordingly, this petition is untimely under § 2244(d).

In his Motion to Apply to Respondent Motion to Dismiss, Couvington argues essentially that the limitations period should be equitably tolled in his case because he received ineffective assistance when counsel failed to provide his case file in a timely manner and failed to move to withdraw the guilty pleas. [Dkt. No. 15 at 2-3] The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010). To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace, 544 at 418. The petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129,

134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only very infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

The extraordinary remedy of equitable tolling is not warranted in this case. To the extent that Couvington attempts to justify the lateness of this petition with assertions that counsel provided ineffective assistance, his statements are conclusory and he offers no specific facts to demonstrate that counsel's efforts were causally related to and prevented his timely filing of this petition. Even were that not so, ineffective assistance even if shown rarely provides a basis for equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); see also, Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, *arguendo*, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations.").

To the extent that Couvington claims entitlement to equitable tolling based on his lack of legal knowledge and comprehension, he argues essentially that the limitations period should be extended because he is a laymen at law. That argument has been uniformly rejected not only by the Fourth Circuit, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."), but also

by virtually every court that has considered it. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Further, Couvington has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result." Rouse, 339 F.3d at 246. Accordingly, his claims are time-barred from federal consideration.

## IV. Pending Motions

Also pending before the Court are two motions filed by petitioner. As discussed in this Memorandum Opinion, petitioner has captioned his opposition to respondent's Motion to Dismiss as a Motion to Apply to Respondent Motion to Dismiss. [Dkt. No. 15] The motion will be granted to the extent that the arguments petitioner presents have been considered and discussed herein.

Petitioner has also filed a Motion to Expand the Record in which he seeks to enlarge the federal record with (1) a brief from his first state habeas "to prove that [he filed it] ... for the sole purpose of obtaining a belated appeal"; (2) a copy of his own affidavit; and (3) a motion he filed with the Fourth Circuit Court of Appeals seeking leave to file a second or successive habeas corpus application pursuant to §2244. Petitioner's Motion will be denied. The affidavit he wishes to add to the record is already on file with this court. [Dkt. No. 5] It has been assumed in this Memorandum Opinion based upon petitioner's allegations that his first state habeas corpus

9

action was filed to obtain a direct appeal, so there is no need to file a brief from that proceeding to prove that fact. Lastly, the fact that petitioner's §2244 motion was denied because "review revealed that [he] had not previously filed a §2254 that [was] adjudicated on the merits" [Dkt. No. 15 at 6] is of no consequence to the adjudication of the instant petition.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 11th day of January 2018.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge